THE PEOPLE OF THE STATE OF NEW YORK ex rel. PIONEER CONTRACTING COMPANY, Respondent, *v.* FREDERICK H. WALDORF and Others, Composing the Board of Estimate and Apportionment of the City of New Rochelle, and Others, Appellants.

*Municipal corporation — resurfacing street — contract — performance — remedy of contractor.*

Appeal by the defendants from an order of the Supreme Court, entered in the office of the clerk of the county of Westchester on the 18th day of February, 1918, granting the relator's application for a peremptory writ of mandamus.

PER CURIAM: The work done was necessary to the proper resurfacing of the avenue, and the quantity of the concrete found necessary for the foundation was within the terms of the contract and the contractor is entitled to payment for it, unless the defendant may maintain the technical objection that no appropriation or arrangements for issuing certificates had been previously made or approved. We do not decide that question at this time, as the defendant should not be burdened with marketing securities under coercion and with the possibility that purchasers would suspect them of some infirmity. The mayor indicates a disposition to be just if a proper application or remedy be adopted by the creditor. Hence, the order should be reversed and the motion for the writ denied, without costs. Jenks, P. J., Thomas, Rich, Putnam and Blackmar, JJ., concurred. Order reversed and motion for writ denied, without costs.

---

In the Matter of the Application of NEW YORK, WESTCHESTER AND BOSTON RAILWAY COMPANY, Appellant, to Acquire Title to Lands of OTTO WAGNER and Others, Respondents.

*Railroad — eminent domain — election of property owner.*

Appeal by the New York, Westchester and Boston Railway Company from an order of the Supreme Court, entered in the office of the clerk of the county of Westchester on the 16th day of February, 1918.

PER CURIAM: It was the landowner's duty to know what his legal rights were at the time of the appraisal. If he took the position that the property severed was farm land and that he was entitled to a crossing, and induced or suffered the commissioners to err, he is not entitled now to a new trial upon the ground that he or they were mistaken. If, however, he took the position that such land was not farm land, and allowed or persuaded the commissioners to accept the theory that he was entitled to a farm crossing, he was seeking or content to obtain what did not belong to him. If there was a stipulation that he should have a farm crossing, he should have it. The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. Jenks, P. J., Thomas, Mills and Kelly, JJ., concurred; Putnam, J., voted to reverse on the ground that there is pending an appeal from the mandamus proceeding. Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.